JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, J.C.S., [1] appeals the judgment of the juvenile court finding him delinquent of robbery and sentencing him accordingly. Having reviewed the record and the legal arguments of the parties, we conclude that the trial court failed to properly record appellant's dispositional hearing; therefore, we reverse the decision of the trial court and remand this case for dispositional hearing.
 {¶ 2} Appellant has raised four assignments of error for our review; however, the resolution of assignment IV renders the others moot, thus we have tailored our discussion accordingly.[2]
 {¶ 3} "IV. The juvenile court committed reversible error when it failed to properly record its proceedings."
 {¶ 4} After hearing appellant's case, the juvenile court found him delinquent and committed him to the Ohio Department of Youth Services. The record contains a transcript of the adjudication hearing, which occurred on *Page 2 
January 28, 2007, but no evidence exists indicating that the trial court recorded appellant's dispositional hearing. This timely appeal followed.
 {¶ 5} In his fourth assignment of error, appellant argues that the trial court erred in failing to record any of the dispositional hearing. Appellant contends the trial court's failure to appropriately record the proceedings entitles him to a new hearing. We agree.
 {¶ 6} Juv. R. 37(A) provides: "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device."
 {¶ 7} Here, it appears that the trial court failed to record appellant's dispositional hearing. "Failure to record juvenile proceedings as required under Juv. R. 37(A) constitutes reversible error." In re Allen (Oct. 19, 2000), Cuyahoga App. No. 77421. This includes dispositional hearings in delinquency proceedings. See In reHart (Dec. 9, 1999), Cuyahoga App. No. 75326. Furthermore, appellant was not able to present this court with an App. R. 9(C) statement because both appellant's and counsel's memories could not provide an *Page 3 
adequate substitute for the record of proceedings. "The appellate rule does not absolve the trial court from complying with the rules of procedure and recording a hearing in the first place." Id.
 {¶ 8} We conclude that appellant's fourth assignment of error is well taken. Accordingly, we reverse the trial court's decision and remand this case for a dispositional hearing consistent with this opinion. Having so decided, we conclude that appellant's remaining assignments of error are moot.
 {¶ 9} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the juvenile division of the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR *Page 4 
 APPENDIX A
Appellant's Remaining Assignments of Error:
I. The juvenile court committed reversible error when it did not dismiss the charges against [J.C.S.] after finding no probable cause at the discretionary bindover hearing.
II. The failure of the trial court to preclude identification testimony surrounding the surveillance tape, which was never viewed by defense counsel or played for the trial court, denied [J.C.S.] his rights to a fair trial, due process and a reliable determination that the offense was committed as guaranteed by the Fifth, Sixth, andFourteenth Amendments to the United States Constitution and Sections 10
and 16, Article I of the Ohio Constitution.
III. The trial court violated [J.C.S.]'s right to due process under the Fifth and Fourteenth Amendments to the United States Constitution when it adjudicated him delinquent of robbery when that finding was against the manifest weight of the evidence.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.
[2] Appellant s remaining assignments of error are included in appendix A of this Opinion. *Page 1